IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELLIOTT G. NELSON,

    Petitioner,

v.                                                                     Civil Action No. 5:07CV99
                                                                      Criminal Action No. 5:05CR13-08
                                                                      (JUDGE STAMP)

UNITED STATES OF AMERICA,

    Defendant.

**REPORT AND RECOMMENDATION**
**THAT § 2255 MOTION BE DENIED**
**AS UNTIMELY**

**I. INTRODUCTION**

On August 6, 2007, *pro se* petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.

**II. FACTS**

    A.    Conviction and Sentence

On May 27, 2005, Petitioner signed a plea agreement by which he agreed to plead guilty to Count 20, aiding and abetting the possession with intent to distribute cocaine base and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

On November 30, 2005, the Court sentenced the petitioner to a term of sixty (60) months imprisonment.

    B.    Appeal

Petitioner did not pursue a direct appeal.

C. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket as untimely.

## III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[1]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[2]; or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353, (2005).

In his § 2255 motion, the petitioner maintains that his motion is timely under AEDPA because he has "been actively seeking to remedy the situation." In this regard, the petitioner is clearly wrong.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if, following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003). Here neither exception applies because the petitioner did not file a direct appeal of his conviction.

For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket. *See* Fed. R.Ap. P. 4(b)(1)(A)(I), (6). Therefore, the petitioner's conviction became final on December 10, 2005, the date his time for filing a direct appeal expired. Therefore, he had until December 10, 2006 to file his habeas corpus under AEDPA. Because the petitioner did not file his § 2255 motion until August 6, 2007, it is clearly time barred.

## IV. **RECOMMENDATION**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket because the petitioner is time-barred from raising his claim since his petition was filed over one year after his conviction became final.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to send a copy of this report and recommendation to the pro se petitioner by certified mail, return receipt requested, at his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this report and recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 7, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE