IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELLIOTT G. NELSON,

    Petitioner,

v.                                     Civil Action No. 5:07CV99
                                    (Criminal Action No. 5:05CR13-08)
UNITED STATES OF AMERICA,                (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] petitioner, Elliott G. Nelson, entered a plea of guilty to one count of aiding and abetting the possession with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The petitioner was sentenced to 60 months of imprisonment. Instead of pursuing a direct appeal, the petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 petition

---

[1] "Pro se" describes a person who represents himself in a court proceedings without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

be denied and dismissed because it is untimely. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the parties have not filed objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 established a one-year limitation period within which any federal habeas corpus motion must be filed. Specifically, AEDPA provides:

> The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Based on a review of the record and the applicable law, Magistrate Judge Seibert recommended that the petitioner's § 2255 petition be denied. Specifically, the magistrate judge applied the statute of limitations to the present case and found the petitioner's federal habeas petition untimely because the petitioner filed his federal habeas petition on August 6, 2007, almost eight months after the petitioner's time to file a federal habeas petition expired on December 10, 2006.

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, this Court concludes that the magistrate judge's recommendations concerning the petitioner's § 2255 petition should be affirmed and adopted.

IV. Conclusion

For the reasons set forth above, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's § 2255 petition is DENIED as untimely and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the parties' failure to object to the magistrate judge's proposed findings and recommendation bars the parties from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: August 7, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE